IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EFRAIN ALBERTO DE ALBA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COCULA RESTAURANT, INC. and ROMUALDO CAMARENA, individually,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Efrain Alberto De Alba, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against Cocula Restaurant, Inc. and Romualdo Camarean (herein "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay Plaintiff overtime wages to Plaintiff and similarly situated employees. (A copy of Plaintiff's Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act is attached hereto as Exhibit A.)

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to

Plaintiff's claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff Efrain Alberto De Alba resides and is domiciled in this judicial district.

5. Plaintiff Efrain Alberto De Alba is a former employee of Defendants.

6. During the course of his employment, Plaintiff De Alba handled goods that moved in interstate commerce and performed non-exempt work.

7. Defendant Cocula Restaurant, Inc. is doing business within this judicial district. Defendant Cocula Restaurant, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8. Defendant Cocula Restaurant, Inc. maintains a website (http:cocularestaurant.com/) where it advertises six locations under the name "Restaurante Cocula."

9. The six locations share food, employees, and supplies.

10. Defendant Cocula Restaurant, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

11. Defendant Romualdo Camarena is the President of Cocula Restaurant, Inc. and is involved in the day-to-day business operation of Cocula Restaurant, Inc. Among other things, Defendant Romualdo Camarena has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

12. Defendant Romualdo Camarena was Plaintiff's "employer" as that term is defined

by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

13. Defendants operate six Mexican restaurants in Chicago, Illinois and surrounding suburbs.

14. The restaurants share food, employees, supplies, and jointly advertise on a website (http:cocularestaurant.com/).

15. Plaintiff worked as a cook.

16. Plaintiff Efrain Alberto De Alba worked an average of 52.5 hours per week, but was not paid time and a half for all hours over 40 in workweek he worked for the Defendants.

17. Plaintiff was paid 40 hours via check and the remainder of his hours where paid in cash.

18. Other non-exempt employees were denied overtime wages at Defendants' restaurants.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

19. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff and a class of similarly situated persons.

20. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

21. Defendants were Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

23. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

24. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

25. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time they worked in excess of 40 hours in individual workweeks.

26. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A. The Court determine that this case may be maintained as a collective action.

    B. A judgment in the amount of one and one-half times the greater of the federal minimum wage rate or each Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

    C. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    D. Reasonable attorneys' fees and costs incurred in filing this action; and

    E. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

27. This Court has supplemental jurisdiction over the matters alleged herein pursuant

to 28 U.S.C. § 1367.

28. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

29. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

30. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

31. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

32. Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

33. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

34. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    A.    A judgment in the amount of one and one-half times the greater of the State mandated minimum wage rate or Plaintiff's regular rate for all time which Plaintiff worked in excess of 40 hours per week;

    B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

      C.      Reasonable attorneys' fees and costs incurred in filing this action; and

      D.      Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: June 22, 2016              **EFRAIN DE ALBA**

              By: _/s/Carlos G. Becerra_
                  One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60604
Telephone: (312)753-6967
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com